**Affirmed and Opinion Filed July 11, 2023**



**In The**
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00789-CR

**RICHARD JIMENEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 2**
**Dallas County, Texas**
**Trial Court Cause No. M21-71318**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Miskel

Richard Jimenez appeals the trial court's judgment convicting him of misdemeanor assault. The jury found him guilty and the trial judge assessed his punishment at 150 days of confinement probated to twelve months of community supervision. Jimenez raises one issue on appeal arguing the evidence is insufficient to support the jury's rejection of his self-defense claim. We conclude the evidence is sufficient to support Jimenez's assault conviction and the jury's implicit rejection of his self-defense claim. The trial court's judgment is affirmed.

## I. FACTUAL AND LEGAL BACKGROUND

Jimenez moved into the house next door to Ramon Cortez around April 2021. A seven-month quarrel about various issues, all stemming from a dispute over the location of the property line separating their houses, ensued with the police being called about forty times.

In November 2021, the men had a dispute over a pile of leaves. Video recordings show that the men would alternate moving a pile of leaves onto one another's property; Cortez would rake the pile of leaves onto a portion of Jimenez's property and Jimenez would use a leaf blower to blow them back on to Cortez's property. The men also yelled at one another. While Cortez was raking the leaves, Jimenez walked over to Cortez and confronted him. When Jimenez touched Cortez's rake, Cortez took the rake back and pushed Jimenez away. Then, Jimenez pushed Cortez, overpowering him until he was on the ground. Jimenez proceeded to strike Cortez, but Cortez did not hit back. Then, Jimenez pulled Cortez's shirt up around his neck from the back, choking him, and they continued to struggle. When Cortez was finally able to get up, he started to walk away from Jimenez and while his back was turned, Jimenez threw the rake in his direction. The rake did not hit Cortez.

After the assault, Cortez went to the emergency room because he had pain in his ribs, back, and neck as well as trouble breathing. He was given medication for the pain and a referral to a physical therapist.

When he returned home, Cortez called the police. After reviewing the video recordings taken by both men's surveillance cameras, the police eventually arrested Jimenez for assault.

Jimenez was charged by information for the offense of assault. At trial, Jimenez raised a claim of self-defense and testified on his own behalf. The jury found Jimenez guilty, implicitly rejecting his self-defense claim. The trial judge assessed Jimenez's punishment at 150 days of confinement probated to twelve months of community supervision.

## II. SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Jimenez argues the evidence is insufficient to support the jury's rejection of his self-defense claim. He contends the evidence left the jury no choice but to find that he acted in self-defense. The State responds that the jury heard the testimony of both Cortez and Jimenez, viewed the video recording of the assault that showed Jimenez initiated the attack, and heard police testimony about their opinion of the video recording, which was sufficient for the jury to convict Jimenez of assault and implicitly reject Jimenez's self-defense claim.

### A. Standard of Review

Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence. *Braughton v. State*, 569 S.W.3d 592, 607 (Tex. Crim. App. 2018) (citing *Jackson v. Virginia*, 443 U.S. 307, 315–16 (1979)). In assessing the sufficiency of the evidence to support a criminal conviction, an appellate court

considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318–19; *Braughton*, 569 S.W.3d at 607–08. Similarly, when reviewing the sufficiency of the evidence in the context of a self-defense issue, an appellate court considers whether, after viewing all the evidence in the light most favorable to the verdict, a reasonable factfinder could have both: (1) found the essential elements of the offense beyond a reasonable doubt; and (2) found against the appellant on the defensive issue beyond a reasonable doubt. *Braughton*, 569 S.W.3d at 609. An appellate court does not look to whether the State presented sufficient evidence to refute the defendant's self-defense theory. *See id.*

An appellate court will consider all evidence when reviewing the sufficiency of the evidence, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or defense. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Further, an appellate court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight assigned to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Braughton*, 569 S.W.3d at 608. Although the parties may disagree about the logical inferences that flow from undisputed facts, where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous. *Braughton*, 569 S.W.3d at 608.

### *B. Applicable Law*

A person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1). Bodily injury is broadly defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8). The definition encompasses even relatively minor physical contact if it constitutes more than offensive touching. *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). Direct evidence that a victim suffered pain is sufficient to show bodily injury. *Id.*

Self-defense is a justification in defense to prosecution under § 2.03 of the Texas Penal Code. *See* PENAL §§ 2.03, 9.02, 9.31, 9.32. A person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force. *Id.* § 9.31(a). A "reasonable belief" is one that an ordinary and prudent man would hold in the same circumstances as the actor. *Id.* § 1.07(a)(42). The actor's belief that the force was immediately necessary is presumed to be reasonable if the actor did not provoke the person against whom the force was used and was not otherwise engaged in criminal activity. *See Id.* § 9.31(a)(2). But the use of force is not justified against another in response to verbal provocation alone. *See id.* § 9.31(b)(1).

A defendant has the initial burden to adduce some evidence that would support a rational finding in his favor on the defensive issue. *Braughton*, 569 S.W.3d at 608.

If the defendant produces some evidence, the State has the burden of persuasion to disprove the raised defense. *Id.* This burden does not require the State to produce evidence refuting the self-defense claim; rather, the burden requires the State to prove its case beyond a reasonable doubt. *Id.* Self-defense is an issue of fact to be determined by the jury. *Id.* at 609. A jury verdict of guilty is an implicit finding rejecting the defendant's self-defense theory. *Id.* Defensive evidence that is merely consistent with the physical evidence at the scene of the alleged offense will not render the State's evidence insufficient because credibility determinations are solely within the jury's province and the jury is free to accept or reject the defensive evidence. *Id.*

### C. The Evidence Was Sufficient to Support Jimenez's Conviction and the Jury's Rejection of His Self-Defense Claim

First, we review whether a reasonable factfinder could have found the essential elements of assault beyond a reasonable doubt. The record shows that while Cortez was raking leaves onto Jimenez's property, Jimenez approached and pushed Cortez overpowering him to the ground. Once Cortez was on the ground, Jimenez struck Cortez with his hands and pulled Cortez's shirt up choking him. Cortez did not hit Jimenez back. After the assault, Cortez went to the emergency room. As a result of Jimenez's assault, Cortez stated that he felt pain in his ribs, back, and neck, and he had difficulty breathing. *See Laster*, 275 S.W.3d at 524 (direct evidence victim suffered pain is sufficient to show bodily injury). The jury heard testimony from Cortez, Jimenez, the responding police officers, and viewed

–6–

the video recordings. To the extent Cortez's and Jimenez's testimony differed, we must defer to the jury's credibility and weight determinations. *See Jackson*, 443 U.S. at 319, 326; *Braughton*, 569 S.W.3d at 608. Further, although Jimenez and the State disagreed about the logical inferences that flowed from undisputed facts, including the video recordings, where there are two permissible views of the evidence, the jury's choice between them cannot be clearly erroneous. *See Braughton*, 569 S.W.3d at 608. We conclude a rational jury could have found that Jimenez committed the offense of assault beyond a reasonable doubt.

Next, we review whether a reasonable factfinder could have found against Jimenez on his self-defense claim beyond a reasonable doubt. Jimenez argues the evidence shows he acted reasonably to protect himself from Cortez's perceived use of force. He contends that his belief in a real or apparent assault by Cortez was reasonable given Cortez's hostile words and physical actions. *See* PENAL § 9.31(b)(1) (use of force is not justified against another in response to verbal provocation alone). Jimenez stated and a video recording showed that earlier in the morning before the assault, Cortez was verbally and physically aggressive toward him and his family, and he blocked Jimenez's truck in the driveway. Then, according to Jimenez, after he and his wife returned from taking their children to school, Cortez was yelling at him in very close proximity while a holding a rake that could potentially be used as a weapon. When Jimenez tried to put some space between them, Jimenez claimed that Cortez pushed him. Jimenez claimed that he

pushed back in response to Cortez pushing him, and he tried to hold Cortez because Cortez was trying to bite his legs. He contends that given their contentious relationship it was reasonable for him to believe that Cortez would further assault him. However, Cortez testified that he did not push Jimenez and an officer stated that based on his review of the video recording it looked like Jimenez tried to grab the rake and Cortez reacted but did not push Jimenez.

Jimenez also points to a note from the jury to the trial court during its deliberations asking if "mutual combat" could be considered in reasonable doubt. He argues this demonstrates that the jury saw his actions as reasonable. Further, he points to Cortez's statement to the responding officers that he was going to "get this guy" and the officers' admonishment not to do anything to his neighbor as well as a notation on the police report that when speaking with the 9-1-1 dispatcher Cortez threatened to kill his neighbor. He contends these statements by Cortez to law enforcement evidenced Cortez's intent to injure Jimenez during the offense, justifying his use of force.

As we previously noted, the record shows that the jury had the opportunity to view the video recordings, listen to the witnesses, and consider the witnesses' demeanor and credibility before rejecting Jimenez's claim that he acted in self-defense. Although Jimenez's interpretation of the events depicted in the video recordings differed from Cortez's and the responding officers' interpretations, that defensive evidence will not render the State's evidence insufficient because

credibility determinations are solely within the jury's province and the jury is free to accept or reject the defensive evidence. *See Braughton*, 569 S.W.3d at 609. We conclude a rational jury could have rejected Jimenez's self-defense claim.

We conclude a rational jury could have found the essential elements of assault were proved beyond a reasonable doubt and also could have found against Jimenez on his self-defense theory. Accordingly, we conclude the evidence is sufficient to support Jimenez's assault conviction and the jury's rejection of his self-defense claim.

Issue one is decided against Jimenez.

### III. CONCLUSION

The evidence was sufficient to support Jimenez's conviction and the jury's implicit rejection of his self-defense claim.

The trial court's judgment is affirmed.


/Emily Miskel/

EMILY MISKEL
JUSTICE

220789f.u05
Do Not Publish
TEX. R. APP. P. 47

–9–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

RICHARD JIMENEZ, Appellant

No. 05-22-00789-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 2, Dallas County, Texas
Trial Court Cause No. M21-71318.
Opinion delivered by Justice Miskel. Justices Partida-Kipness and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of July, 2023.